**BACHE & CO., Incorporated, Plaintiff in Interpleader,**

v.

**Patrick J. ROLAND and Jack Zuckerman, Defendant-Claimants.**

**No. 71 Civ. 1717.**

United States District Court,
S. D. New York.

May 4, 1971.

Mitchell & Mina, New York City, for plaintiff.

Frank & Ross, New York City, for Patrick J. Roland.

Robert E. Levy, Asbury Park, N. J., for Jack Zuckerman.

MOTLEY, District Judge.

*Bache Application*

This matter is before the court on an application by Bache and Company, plaintiff in interpleader, for an order enjoining defendant claimants, Patrick Roland and Jack Zuckerman and all persons in active concert with them, from instituting or prosecuting any proceedings against plaintiff for certain stocks now in plaintiff's possession pending a final determination of the underlying action before this court, [1] and directing the method of service and time for return of process in this action. (28 U.S. C. § 2361)

The facts as alleged in the complaint in interpleader are as follows: Plaintiff, a brokerage house, opened a securities account for defendant Roland in March, 1970. Roland, at that time represented to plaintiff that the funds to be deposited in the account were not monies in which the partnership, Hel-Mar Enterprises, to which he belonged along with Zuckerman, had any interest. Checks signed by Roland or Zuckerman were then deposited in the account. Subsequently, Zuckerman demanded an accounting of Hel-Mar assets, and later still, claimed that the securities and funds in Roland's account belonged either to him or to the partnership and demanded that they be released to him. Roland has also made demand for the funds. When plaintiff would not release them to him, Roland commenced an ac-

---

1. A temporary restraining order pending this application for a preliminary injunction has been previously granted.

tion in the Civil Court for the City of New York against plaintiff. (Roland alleges in that action that plaintiff is liable to him in the amount of $9,000.00 because of its failure to turn over to him (Roland) the securities and funds in the account.) The relief sought in this court is an order 1) requiring defendants to interplead pursuant to 28 U.S.C. § 1335;[2] 2) discharging plaintiff from all liability in connection with the account; 3) granting costs and fees; and 4) enjoining defendants from prosecuting any other legal actions for the contents of the account.

Based upon the above uncontradicted factual allegations, and based upon examination of the interpleader complaint, the court finds that the issuance of an order is appropriate here. The property held by plaintiff is worth more than $500.00; there are two adverse claimants; their citizenship is diverse, one residing in New York, and the other in New Jersey; and the funds and property have been deposited by plaintiff in the registry of this Court pending determination of the claim. The application, is, therefore, granted.

Submit order on ten days' notice.

So ordered.

---

2. 28 U.S.C. § 1335 provides:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.